IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GORDON | : | CIVIL ACTION |
| | : | NO. 20-0224 |
| v. | : | |
| | : | CRIMINAL ACTION |
| SCOTT FINLEY | : | NO. 09-441 |

MEMORANDUM

Bartle, J.                                     January 11, 2021

Robert Gordon pleaded guilty and was sentenced by this Court to a term of imprisonment of 188 months on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Before the Court is the Petition of Gordon for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  He requests that the Court order the Bureau of Prisons ("BOP") to credit against his federal sentence time he spent in state custody for a conviction which arose from related conduct.

I

On October 8, 2008, Gordon shot approximately ten rounds of ammunition from a Smith & Wesson 9-millimeter handgun into the occupied porch of a home in the Belmar Terrace neighborhood of Philadelphia, Pennsylvania.  At the time, Gordon was on probation after having served a six- to twenty-three

month prison sentence on a 2005 state conviction for simple assault, terroristic threats, and reckless endangerment.

On October 9, 2008, the day after he fired the gun into the porch, Gordon was arrested by two Philadelphia Police Officers.  He was in possession of the Smith & Wesson handgun on the day of his arrest.  The Office of the District Attorney of Philadelphia charged Gordon with aggravated assault in violation of 18 Pa.C.S. § 2702, possession of a firearm as a prohibited person in violation of 18 Pa.C.S. § 6105, and discharge of a firearm into an occupied structure in violation of 18 Pa.C.S. § 2707.  On July 1, 2009, while these charges were pending against Gordon, a grand jury in the Eastern District of Pennsylvania indicted him on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) – one count for possessing the handgun on October 8 and a second count for possessing it when he was arrested the following day.

On August 5, 2009, this Court ordered the superintendent of the Curren Fromhold Correctional Facility ("CFCF") and the United States Marshals to produce Gordon for an initial appearance before a Magistrate Judge in the Eastern District of Pennsylvania.  Gordon appeared before the Magistrate Judge on his federal charges the following day.  He pleaded not

guilty to both counts in the federal indictment and stipulated
to pretrial detention.

On December 15, 2009, Gordon changed his plea to
guilty pursuant to the terms of a plea agreement entered with
the Government under Rule 11(c)(1)(C) of the Federal Rules of
Criminal Procedure.  In the plea agreement, Gordon waived "all
rights to appeal or collaterally attack [his] conviction,
sentence, or any other matter relating to this prosecution,
whether such a right to appeal or collateral attack arises under
18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any
other provision of law."  The parties agreed that pursuant to
United States Sentencing Guidelines ("USSG"), Gordon's base
offense level was 34.  They also agreed that Gordon would
receive a two-level downward adjustment for his guilty plea
under USSG § 3E1.1(a) and a one-level downward adjustment for
accepting responsibility as set forth in USSG § 3E1.1(b),
resulting in a base offense level of 31 to be applied at
sentencing.

On January 15, 2010, the United States Probation
Office prepared a draft Presentencing Investigation Report
("PSI") for Gordon's federal sentencing.  It identified the
disposition of Gordon's state charges for the October 8, 2009
shooting as pending.

On January 19, 2010, Gordon pleaded guilty to the three state charges arising from the October 8 shooting before Judge Ellen Ceisler in the Philadelphia County Court of Common Pleas. That same day, Judge Ciesler sentenced Gordon to a term of imprisonment of five to ten years. She ordered that "this sentence is to run concurrently with sentence defendant may receive on any other currently open matter."

The October 8 shooting was also a violation of the terms of Gordon's probation from the 2005 convictions. Judge Joan Brown in the Philadelphia County Court of Common Pleas vacated the probationary sentence she imposed on Gordon's 2005 convictions and re-sentenced him to two to five years in prison to run consecutively with the five- to ten-year sentence imposed by Judge Cesiler. The two sentences were aggregated under Pennsylvania law to a single sentence of seven to fifteen years to commence as of October 9, 2008.

On February 12, 2010, after Gordon's guilty plea and sentencing in the state court, the United States Probation Office provided a revised PSI to this Court for Gordon's sentencing on his convictions under 18 U.S.C. §§ 922(g)(1) and 924(e). Unfortunately, the Probation Office did not update the PSI to reflect Gordon's state conviction and sentence.

This Court sentenced Gordon on March 12, 2010. The pre-sentencing memorandum submitted to the Court by the

Government did not reference Gordon's conviction and sentence in state court for the October 8 shooting.  Neither the Government nor Gordon's counsel objected to the PSI.  The Court imposed concurrent 188-month sentences of imprisonment on each of Gordon's convictions under 18 U.S.C. §§ 922(g)(1) and 924(e). The Court did not consider whether to order Gordon's federal sentence to run concurrently with any state sentence since it did not know about the state sentence.

Gordon was released into the custody of the Pennsylvania Department of Corrections on April 28, 2010 to complete his seven- to fifteen-year state sentence.  He did not appeal his federal conviction or sentence.

On October 7, 2013, Gordon submitted a letter to the BOP to determine whether his federal sentence was running while he was in state custody.  The BOP determined that Gordon's federal sentence was to be served consecutively to his state sentence pursuant to 18 U.S.C. § 3584(a) because this Court did not order that the sentences were to run concurrently.[1]

---

1.      Title 18 U.S.C. § 3584(a) provides:

> **(a)  Imposition of concurrent or consecutive terms.**--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or

Gordon served approximately seven and a half years of
his aggregated seven- to fifteen-year state sentence before
being paroled into federal custody to commence his 188-month
federal sentence on May 23, 2016.  He is currently incarcerated
at Schuylkill FCI with a projected release date of November 15,
2029, which reflects an estimated 798-day reduction for Good
Time.

Between November 2019 and April 2020, Gordon made
several requests to the BOP that it credit the time he spent in
state custody against his federal sentence.  All the requests
were denied.  In the pending petition under 28 U.S.C. § 2241,
Gordon requests that the Court order the BOP to credit the
approximately seven and a half years he served on his state
convictions against the 188-month sentence the Court imposed on
his convictions under §§ 922(g)(1) and 924(e).

---

consecutively, except that the terms
may not run consecutively for an
attempt and for another offense that
was the sole objective of the attempt.
Multiple terms of imprisonment imposed
at the same time run concurrently
unless the court orders or the statute
mandates that the terms are to run
consecutively. Multiple terms of
imprisonment imposed at different times
run consecutively unless the court
orders that the terms are to run
concurrently.  (emphasis added).

The Government opposes Gordon's petition.  However, in a letter request submitted after filing its response to Gordon's petition, the Government asked the Court to recommend to the BOP that it designate the prison where Gordon served his state sentence as the place where his federal sentence commenced. Gordon concurs in this request.

II

We first address the petition of Gordon for a writ of habeas corpus under 28 U.S.C. § 2241.  Gordon claims that the Court erred by not ordering his state and federal sentences to run concurrently pursuant to USSG § 5G1.3.

The Guidelines issued by the United States Sentencing Commission on November 1, 2009 were applicable at the time of Gordon's sentencing.  USSG § 5G1.3 advises the Court to order a federal sentence to run concurrently with an undischarged term of imprisonment for a conviction arising from conduct that resulted in the federal offense.  At the time of Gordon's federal sentencing §§ 5G1.3(a)-(b) provided:

> Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment.
>
> (a)  If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be

-7-

imposed to run consecutively to the
undischarged term of imprisonment.

    (b)   <u>If subsection (a) does not apply, and a
term of imprisonment resulted from another
offense that is relevant conduct to the
instant offense of conviction under the
provisions of subsections (a)(1), (a)(2),
or (a)(3) of §1B1.3 (Relevant Conduct) and
that was the basis for an increase in the
offense level for the instant offense
under Chapter Two (Offense Conduct) or
Chapter Three (Adjustments), the sentence
for the instant offense shall be imposed
as follows:</u>[2]

        (1)   the court shall adjust the sentence
for any period of imprisonment
already served on the undischarged
term of imprisonment if the court
determines that such period of
imprisonment will not be credited to
the federal sentence by the Bureau of
Prisons; and

        (2)   <u>the sentence for the instant offense
shall be imposed to run concurrently
to the remainder of the undischarged
term of imprisonment.</u>

(emphasis added).

      The parties do not dispute that Gordon's five- to
ten-year state sentence for the October 8, 2008 shooting was, at
the time of his federal sentencing on March 12, 2010, an
"undischarged term of imprisonment" under USSG § 5G1.3(b)(2).

---

2      The Sentencing Commission has since amended § 5G1.3 to
provide heightened awareness of the Court's authority under
<u>Setser v. United States</u>, 566 U.S. 231 (2012) also to order that
a federal term of imprisonment run concurrent with, or
consecutive to, an anticipated but not yet imposed state
sentence.  <u>See</u> USSG § 5G1.3(c).

The parties further agree that Gordon's conduct on October 8 was "Relevant Conduct" - as set out in USSG § 1B1.3(a)(1), (a)(2), or (a)(3) - that was the basis for an upward adjustment of his base offense level under Chapter 2 of the Sentencing Guidelines. The parties maintain that had the status of the state prosecution against Gordon been raised at his sentencing, the Court would have been guided by USSG § 5G1.3(b)(2) to order his federal sentence to run concurrently with his state sentence.

Though the federal sentencing guidelines are advisory, see United States v. Booker, 543 U.S. 220 (2005), sentencing courts must consult them when determining a criminal defendant's sentence. Peugh v. United States, 569 U.S. 530, 536 (2013). The Court did not consider the applicability of § 5G1.3(b) when determining Gordon's sentence because as noted above it was not aware that Gordon had been sentenced on his state charges. Nonetheless, Gordon's claim that the Court erred in not applying USSG § 5G1.3 at the time of his sentencing is not properly raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Savage v. Zickefoose, 446 F. App'x 524, 525 (3d Cir. 2011). Such a claim is a challenge to the validity of a conviction or a sentence which must be brought under 28 U.S.C. § 2255. Id.

Gordon waived the right to attack collaterally his federal conviction under § 2255 in his plea agreement with the Government.  Moreover, a one-year limitations period applies to a petition brought under § 2255.  28 U.S.C. § 2255(f).  The limitation period began to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  There can be no reasonable dispute that Gordon, through the exercise of due diligence, could have become aware of the facts supporting his claim at least as early as May 23, 2016, when he was paroled into federal custody to serve a 188-month sentence.[3]  Gordon filed the pending petition on January 13, 2020 — long after the limitations period had expired.

Gordon further claims that the Court miscalculated his base offense level under the Sentencing Guidelines.  Similarly, this claim is a challenge to the validity of Gordon's conviction or sentence which must be brought under 28 U.S.C. § 2255.  See Okereke, 307 F.3d at 120.  Moreover, Gordon stipulated in the plea agreement to the base offense level used to calculate his sentencing range and waived his right to attack collaterally his conviction under 28 U.S.C. § 2255.

_____

3.      The date the BOP responded to Gordon's October 7, 2013 letter requesting whether he would receive credit for his state sentence is not in the record.

In any event, the calculation of the base offense level by the United States Probation Office, the Government, and the Court — which Gordon agreed to — was correct.  Because Gordon violated § 922(g)(1) after two felony convictions for either a crime of violence or a controlled substance offense his base offense level pursuant to USSG § 2K2.1 was 24.  Gordon possessed the handgun in connection with the felony of aggravated assault.  Therefore, his base offense level was increased four levels to 28 under USSG § 2K2.1(b)(6).  Since Gordon's possession of the handgun was in connection with a crime of violence and was punishable under 18 U.S.C. § 924(e), he fell within the meaning of "Armed Career Criminal" as set forth in USSG § 4B1.4.  This resulted in the greater base offense level of 34 under USSG § 4B1.4(b)(3)(A).  As noted above, Gordan's timely guilty plea and acceptance of responsibility resulted in a three-level downward adjustment under USSG §§ 3E1.1(a) and (b).  Accordingly, the offense level applied by the Court in determining the applicable sentencing range was 31.

Gordon also claims that the BOP erred by not crediting his state sentence against his federal sentence when he was paroled into federal custody.  This claim is properly brought under 28 U.S.C. § 2241.  However, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be bought in the

district where the prisoner is confined.  <u>United States v.</u>
<u>Sheppard</u>, 742 F. App'x 599, 601 (3d Cir. 2018) (quoting <u>Rumsfeld</u>
<u>v. Padilla</u>, 542 U.S. 426 (2004)).  Gordon is currently
incarcerated in Schuylkill FCI which is situated in the Middle
District of Pennsylvania.  This Court does not, therefore, have
jurisdiction to consider his claim that the BOP erred by not
crediting his state sentence against his federal sentence.

Accordingly, the Court will deny the petition of
Robert Gordon for a writ of habeas corpus.

III

It is agreed that the PSI was incorrect and that this
Court did not consider USSG § 5G1.3(b) in determining Gordon's
sentence.  Consequently, the Government and Gordon ask the Court
to recommend to the BOP that it designate nunc pro tunc the
state prison as the place where service of Gordon's federal
sentence commenced.  The BOP may designate a state institution
for service of a federal sentence nunc pro tunc.  <u>Barden v.</u>
<u>Keohane</u>, 921 F.2d 476, 483 (3d Cir. 1990); 18 U.S.C. § 3621(b).
In making this designation, the BOP may consider, among other
things, any statement by the sentencing court "recommending a
type of penal or correctional facility as appropriate."  18
U.S.C. § 3621(b)(4)(b).  The Court will grant the request of the
Government and Gordon to recommend the facility where Gordon
served his state sentence as the place where his federal

-12-

sentence commenced.  The recommendation of this Court, however, will be limited to the time Gordon served on his three convictions related to the October 8, 2008 shooting.[4]  The Court will not recommend that Gordon receive credit for time he spent in state custody for violating his probation on earlier and unrelated charges.  See Setser, 566 U.S. at 234-39.

---

4.       It is not in the record before this Court what portion of the time Gordon served in state prison may be attributed to the October 8 shooting — as opposed to the violation of probation related to Gordon's 2005 conviction — or whether such a distinction is made under Pennsylvania law.